```
                  United States District Court
                    District of Massachusetts
```

```
_____
                               )
UNITED STATES,                 )
                               )
         v.                    )
                               )   Criminal Case No.
ALBERTO LOPEZ,                 )   95-cr-10064
         Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In August 1995, Alberto Lopez was convicted by a jury in this Court of 1) conspiring to possess with intent to distribute heroin and cocaine base (21 U.S.C. § 846), 2) possession of heroin with intent to distribute (21 U.S.C. § 841(a)(1)) and 3) possession of cocaine base with intent to distribute and distribution of cocaine base (21 U.S.C. § 841(a)(4)).

This Court sentenced the defendant to life imprisonment pursuant to Section 841(b)(1)(A) of Title 21 of the United States Code, hereafter referred to as the "career offender enhancement," which provided at the time of the defendant's sentencing that anyone convicted of possessing a controlled substance with intent to distribute that substance "shall be sentenced to a mandatory term of life imprisonment without release" if 1) that person had two or more prior convictions for felony drug offenses and 2) the subject offense involved over 1 kilogram of heroin, 5 kilograms

-1-

of cocaine or 50 grams of cocaine base.  Having found that Lopez had previously been convicted of the predicate felonies and was responsible for 163.4 grams of cocaine base for the offense of conviction, the Court ruled that "a mandatory sentence of life imprisonment is called for."  Defendant's conviction and sentence were upheld on direct appeal by the First Circuit Court of Appeals in United States v. Lopez, 147 F.3d 1 (1st Cir. 1998).

In March 2008, the defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a prisoner's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Defendant relied upon Amendment 706 to the United States Sentencing Guidelines ("the Guidelines"), which mitigated the disparity between powder and crack cocaine sentencing by 1) reducing the base offense level assigned to each threshold quantity of crack cocaine on the Drug Quantity Table in Section 2D1.1 of the Guidelines and 2) giving the revisions retroactive effect.  This Court denied defendant's motion on the grounds that the sentence of life imprisonment imposed by the Court was "based on" either the career offender guideline or the career offender enhancement, not the drug quantity guideline altered by Amendment 706, United States v. Lopez, 662 F. Supp. 2d 195 (D. Mass. 2009).  Lopez's appeal of that decision was dismissed by the First Circuit for lack of diligent prosecution.

In January 2012, Lopez once again moved for a reduction in sentence under § 3582(c)(2), this time relying on Amendment 750 to the Guidelines, which implemented the Fair Sentencing Act of 2010 ("the FSA") and re-promulgated the revisions of the crack cocaine guidelines provisionally adopted by Amendment 706. In passing the FSA, Congress increased the threshold amount of cocaine base triggering a mandatory life imprisonment in the career offender statute to 280 grams. Accordingly, had Lopez been sentenced under the version of the career offender enhancement effective today, he would not have been subject to a mandatory life sentence. That is not in dispute. What is in dispute is the effect, if any, of the FSA upon the defendant's sentence.

The defendant acknowledges, as he must, that defendants such as he who are sentenced as career offenders are ineligible in this jurisdiction for sentence reductions predicated on the crack cocaine amendments to the Guidelines because their sentences were "based on" the career offender guidelines, not on the amended drug quantity guidelines. United States v. Caraballo, 552 F.3d 6, 8-12 (1st Cir. 2008). He likewise concedes that mandatory minimum sentences imposed pursuant to the career offender enhancement are not affected by the crack cocaine amendments. United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012) ("[The defendant] cites no authority for the proposition that the

Sentencing Commission's determination to make certain guideline provisions retroactive could somehow give retroactive force to a statute, and it is illogical."). The defendant nonetheless requests a sentence reduction on the grounds that those rules "undermine[] the fundamental fairness guarantee of the Fifth Amendment" and prevent Courts from "giving the full effect of the remedial purposes of the FSA and Amendment 750."

The defendant's argument is neither novel nor persuasive. This Court has held before, and reiterates here, that

> Amendment 750 does not support a [sentence] reduction under 18 U.S.C. § 3582(c)(2), because it does not alter th[e] career offender guideline calculation. . . . Nor may this Court reduce [a defendant]'s sentence retroactively to account for reductions in statutory sentencing ranges for crack cocaine offenses in the FSA itself.

United States v. Heriberto Perez, No. 05-40015-FDS, 2011 WL 5403145 (D. Mass. Nov. 7, 2011); see also United States v. Julio Perez, No. 07-CR-10408-RGS, 2012 WL 1301170 (D. Mass. Apr. 17, 2012); United States v. Vega, 94-CR-10229, 2012 WL 748378 (D. Mass. Mar. 8, 2012). Because defendant's argument is foreclosed by binding precedent, any further discussion would be academic. The First Circuit Court of Appeals has spoken and its edict controls.

**ORDER**

In accordance with the foregoing, defendant's motion for a reduction in sentence (Docket No. 120) is **DENIED.**

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated June 12, 2012